UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | | |
|---|---|---|
| CHARLES F. BURROWS, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5:04-44-JMH |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| FEDERAL INSURANCE CO., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

**         **         **         **         **

Before the Court is the defendant's motion for summary judgment [Record No. 12]. By stipulation, the plaintiff was given until April 26, 2005, to respond. Although the Court provided additional time within which to respond, the plaintiff did not respond. Accordingly, the motion is ripe for decision.

## I. Factual Background

The plaintiff, Charles F. Burrows ("Burrows"), was involved in an automobile accident on December 23, 2000. The accident occurred in Sheridan, New York, with another driver, Vincent DiCosimo ("DiCosimo"). At the time of the accident, the plaintiff carried No Fault or first party automobile insurance from the defendant, Federal Insurance Co. ("Federal"), that was provided to the plaintiff by the plaintiff's employer.

On December 21, 2001, the plaintiff filed a complaint against

1

DiCosimo, Chrysler Canada, Ltd., and Federal in the United States District Court for the Western District of New York (hereinafter, "the New York Complaint").  The New York Complaint alleged that Federal owed the plaintiff benefits pursuant to New York law and the insurance contract.

More than two years later, on February 2, 2004, the plaintiff filed a complaint in this Court against Federal alleging that Federal's failure to pay insurance benefits violated the insurance contract, the Kentucky Consumer Protection Act, the Kentucky Unfair Claims Settlement Practices Act, and was made in bad faith.  The defendant's pleadings in the instant case state that the New York case is still pending.

The defendant moved for summary judgment on several grounds. First, the defendant argues that the Kentucky No Fault Act is the exclusive remedy for the plaintiff's alleged injury and, as such, the plaintiff's remaining claims should be dismissed.  Second, the defendant argues that the plaintiff is estopped to argue that New York No Fault law applies to the case at hand because the plaintiff argued the opposite legal position in the New York case.  Third, the defendant argues that, even if New York No Fault law applies, it is the exclusive remedy, barring all other claims.  Finally, the defendant argues that the Court should dismiss the matter pursuant to the Court's discretion under the first-to-file rule.  Because the Court agrees that the first-to-file rule is applicable to the

2

case at hand, it is unnecessary for the Court to address the remaining arguments.

## II. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A genuine dispute exists on a material fact and, thus, summary judgment is improper if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

Federal Rule of Civil Procedure ("Federal Rule") 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party's response, by

3

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). The Sixth Circuit has held that if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Guarino v. Brookfield Township Trs*., 980 F.2d 399, 405 (6th Cir. 1992). "Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Id.* The Court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* at 407. Thus, if the defendant meets the burden in moving for summary judgment on the unopposed issues, then summary judgment would be proper. *Cacevic v. City of Hazel Park,* 226 F.3d 483, 492 (6th Cir. 2000); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

### III. Analysis

The defendant argues that pursuant to the first-to-file rule, the Court has discretion to dismiss the plaintiff's complaint without prejudice because there is a previously filed and currently pending case with the same parties and similar claims. The Court agrees that the first-to-file rule applies to the case at hand and,

4

therefore, dismisses the plaintiff's complaint without prejudice.

The first-to-file rule provides that "when suits involving substantially the same issues and parties are filed in courts of concurrent jurisdiction, the court in which the first action was filed should proceed to judgment." *Healthcare Capital, LLC v. HealthMed, Inc.*, 213 F. Supp. 2d 850, 856 (S.D. Ohio 2002). The doctrine "encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.,* No. 00-3183, 2001 U.S. App. LEXIS 17255, at *7 (6th Cir. July 31, 2001) (unpub.). Courts in this circuit have utilized a three-part test to determine whether the first-to-file rule is applicable, analyzing the following factors: "(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake." *Plantronics, Inc. v. Clarity, LLC*, No. 1:02-CV-126, 2002 WL 32059746, at *1 (E.D. Ky. July 17, 2002) (unpub.).

Based on the factors discussed above, the Court finds that the first-to-file rule is applicable in this matter. First, the plaintiff brought suit in New York several years prior to bringing suit against Federal in this Court and the matter in New York is still pending. Second, the parties are identical in both actions. Finally, the issues involved are substantially similar in that both complaints assert causes of action against Federal for payment of insurance benefits. The complaint filed in this Court alleges that

Federal failed to make payment in violation of the insurance contract, the Kentucky Unfair Claims Settlement Practices Act, the Kentucky Consumer Protection Act, and that the failure to pay was made in bad faith. (Pl.'s KY. Compl. at 2-4.) The previously filed New York Complaint seeks payment from Federal pursuant to the insurance contract and New York insurance law. (Pl.'s NY Compl. at 3-4.) Thus, both complaints seek payment based on the insurance contract between the plaintiff and the defendant. Therefore, based on the foregoing factors, the Court finds that the rule is applicable.

Even though the first-to-file rule is applicable to the case at hand, the Court may decline to invoke the doctrine for a number of reasons, including if the filing of the former action involves "inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Plantronics*, 2002 WL 32059746, at *3. In the matter at hand, the plaintiff did not respond to the defendant's motion for summary judgment and, thus, did not argue that there were any equitable reasons for the Court to decline to exercise its discretion. As the plaintiff was the filer of both suits, the Court finds that there are no reasons why the doctrine does not so apply.

### IV. Conclusion

Based on the above-stated reasoning, **IT IS ORDERED** that the defendant's motion for summary judgment [Record No. 12] be, and the

same hereby is, **GRANTED** and, in accordance with the judgment entered of even date, that the plaintiff's complaint be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE.**

This 21st day of July, 2005.



**Signed By:**

***Joseph M. Hood***

**United States District Judge**

7